IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| U.S. Tobacco Cooperative Inc., *et al.*[1] | ) | Case No. 21-01511-5-JNC |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' DEADLINES TO FILE LISTS OF EQUITY HOLDERS, SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for the entry of an order, pursuant to Sections 105(a) and 521 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) extending the deadline by which the Debtors must file lists of equity holders and schedules of assets and liabilities (together, the "Schedules") and statements of financial affairs (the "Statements" and together with the Schedules, the "Required Filings") until 45 days after the Petition Date (as defined below); and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION, CORE NATURE AND VENUE**

1. The United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): U.S. Tobacco Cooperative Inc. (4598); U.S. Flue-Cured Tobacco Growers, Inc. (9823); Premier Manufacturing, Inc. (3251); Franchise Wholesale Co., L.L.C. (7518); Big South Distribution, LLC (4164); and King Maker Marketing, Inc. (4533). The Debtors' corporate headquarters are located at 1304 Annapolis Drive, Raleigh, NC  27608.

2. The statutory bases for the relief requested in this Motion are Sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rule 1007.

## BACKGROUND

3. On today's date (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remain in possession of their property and continue in the operation and management of their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtors are a cooperative owned by over 500 different tobacco grower-members located in the Southeastern region of the United States. The Debtors purchase leaf tobacco from their grower-members and process, distribute and sell tobacco products to both domestic and international markets.

5. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested in this Motion are set forth in the *Declaration of Keith H. Merrick in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings* (the "First Day Declaration"),[2] which is incorporated herein by reference.

## RELIEF REQUESTED AND BASIS THEREFOR

6. By this Motion, the Debtors seek the entry of an order, pursuant to Sections 105(a) and 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a) and (c), extending the deadline by which the Debtors must file the Required Filings until 45 days after the Petition Date.

7. The requirements of Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(a), (b) and (c) require debtors to file their lists of equity holders, schedules of assets and

---

[2] Capitalized terms used but not defined herein shall have the meaning provided to them in the First Day Declaration.

liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs within fourteen days after the petition date. *See also* L.R. 1007-1(c) ("Upon the filing of an accelerated case" the Required Filings are due "within 14 days after the commencement of the filing of the petition").

8.    The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(a) and (c) and 9006(b). Bankruptcy Rules 1007(a) and (c) and 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown." Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

9.    Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems. To prepare the Schedules and Statements, the Debtors must compile information from those books and records, and from documents relating to the claims of their creditors, and the Debtors' many assets and contracts. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors and their professional advisors in the near term.

10.    Prior to the Petition Date, the Debtors focused on preparing for the chapter 11 filings and preparing their businesses to transition into chapter 11. Although the Debtors have commenced the process that will enable them to prepare and finalize their Schedules and Statements and are working diligently to move the process forward, the Debtors anticipate that

3

they may require additional time to complete the Schedules and Statements. The Debtors submit that the extensive amount of information that must be assembled and compiled, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. No party in interest will be prejudiced by the extension requested herein because the Debtors have financial and operational incentives to progress these chapter 11 cases as expeditiously as possible. The Debtors therefore request that the Court extend the deadline for the Debtors to file the Required Filings until 45 days after the Petition Date, without prejudice to the Debtors' right to request further extensions, for cause shown.

11. In large chapter 11 cases such as these, courts in this circuit have routinely found cause to extend the deadlines imposed by Bankruptcy Rule 1007. *See, e.g., In re SD-Charlotte, LLC,* Case No. 20-30149 (JCW) (Bankr. W.D.N.C. Feb. 11, 2020) (extending deadline for debtors to file schedules and statement until 45 days after petition date); *In re Kaiser Gypsum Co., Inc.,* Case No. 16-31602 (JCW) (Bankr. W.D.N.C. Oct. 7, 2016) (extending deadline for debtors to file schedules and statement until 45 days after petition date); *In re Alpha Nat. Res., Inc.,* Case No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (granting debtors additional 60 days to file their schedules and statements); *In re Health Diagnostic Lab., Inc.,* Case No. 15-32919 (KRH) (Bankr. E.D. Va. June 9, 2015) (granting debtors additional 30 days to file their schedules and statements).

## NOTICE

12. The Debtors have provided notice of this Motion either by electronic mail, facsimile, overnight delivery or United States First Class mail to: (i) the Office of the Bankruptcy Administrator for the Eastern District of North Carolina; (ii) each of the Debtors' top 20 largest unsecured creditors; (iii) Class Counsel; (iv) the Administrative Agent under the Credit Facility;

and (v) all parties who have submitted requests for service and notice of filings in the Chapter 11 Cases. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## **CONCLUSION**

13. WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested in this Motion, and granting any additional relief as is just and proper.

| | |
|---|---|
| Dated: July 7, 2021 | **HENDREN, REDWINE & MALONE, PLLC** |

/s/ Rebecca F. Redwine
Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com
       bwaller@hendrenmalone.com

and

**COZEN O'CONNOR**

Mark E. Felger
Simon E. Fraser
1201 N. Market St., Ste. 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
E-mail:  mfelger@cozen.com
sfraser@cozen.com

David R. Doyle
Christina M. Sanfelippo
123 N. Wacker Drive, Ste. 1800
Chicago, IL 60606
Telephone: (312) 474-1648
Facsimile: (312) 382-8910
Email: daviddoyle@cozen.com
csanfelippo@cozen.com

*Proposed Counsel for the Debtors and Debtors in Possession*